[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 25, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13844
Non-Argument Calendar

_____

BIA No. A95-153-974

FERRY ALFRETS OGOTAN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(January 25, 2007)**

Before DUBINA, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Petitioner Ferry Alfrets Ogotan, a Christian Indonesian of Minahasa descent,

seeks review of the Board of Immigration Appeals' ("BIA") decision affirming the

immigration judge's ("IJ") order denying his application for asylum and

withholding of removal under the Immigration and Nationality Act ("INA"), 8

U.S.C. §§ 1158, 1231, and relief under the Convention Against Torture ("CAT"), 8

C.F.R. § 208.16(c).  For the reasons that follow, we dismiss in part and deny in

part.

## I.  Asylum Application

In his petition, Ogotan argues that we have jurisdiction to consider his

asylum claim, even though the IJ found that it was time-barred, because he does

not dispute the IJ's factual findings, but rather the IJ's legal conclusion that those

facts did not fall within the definition of changed or extraordinary circumstances.

We review "questions of subject matter jurisdiction *de novo*."  *Brooks v.

Ashcroft*, 283 F.3d 1268, 1272 (11th Cir. 2002).  An asylum application must be

"filed within 1 year after the date of the alien's arrival in the United States."  INA

§ 208(a)(2)(B); 8 U.S.C. § 1158(a)(2)(B).  An untimely application "may be

considered . . . if the alien demonstrates . . . either the existence of changed

circumstances which materially affect the applicant's eligibility for asylum or

extraordinary circumstances relating to the delay in filing an application . . . ."

INA § 208(a)(2)(D); 8 U.S.C. § 1158(a)(2)(D).

No court has jurisdiction to review the IJ's determination that the alien failed

2

to demonstrate changed circumstances or extraordinary circumstances that would excuse the untimely filing of his asylum application. *See* INA § 208(a)(3); 8 U.S.C. § 1158(a)(3) (providing that "[n]o court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)"); *see also Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003) (noting that 8 U.S.C. § 1158(a)(3) "divests our [c]ourt of jurisdiction to review a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse [her] untimely filing"). Further, we have held that this jurisdictional bar still applies even after the enactment of the Real ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231. *See Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 957 (11th Cir. 2005) (holding that this court cannot review the IJ's and BIA's denial of an untimely asylum application, even considering the changes in the Real ID Act because "[t]he timeliness of an asylum application is not a constitutional claim or question of law covered by the Real ID Act's changes").

Here, the IJ and BIA found that Ogotan did not satisfy an exception to the one-year filing requirement for asylum applications. Because we have held that whether an applicant meets an exception to the timely filing requirement is not a question of law or a constitutional claim over which we have jurisdiction, likewise, in the instant case, we do not have jurisdiction to review whether the IJ erred in

3

finding that Ogotan did not satisfy an exception to the timeliness requirement.

Moreover, Ogotan's reliance on *Gjyzi v. Ashcroft*, 386 F.3d 710 (6th Cir. 2004), does not affect this conclusion because *Gjyzi* involved a legal error, and this case does not. Accordingly, we dismiss the petition for review to the extent that it seeks review of the denial of Ogotan's asylum application.

## II. Withholding of Removal Claim

In his petition, Ogotan argues that he demonstrated past persecution on account of his religion and ethnicity because (1) the 2001 U.S. Department of State Country Report for China showed that there have been widespread attacks against Christians and ethnic Chinese Indonesians; (2) the two assaults against Ogotan were of sufficient severity as to rise to the level of persecution; (3) the IJ incorrectly found that the two assaults were not on account of Ogotan's religion or ethnicity; and (4) cumulatively, the assaults constituted past persecution.

When the BIA issues a decision, we review only that decision, "except to the extent that it expressly adopts the IJ's opinion." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the Board adopts the IJ's reasoning, we will review the IJ's decision as well." *Id.* Because the BIA expressly adopted the IJ's decision and did not make additional observations about Ogotan's application for withholding of removal, we review the IJ's decision. *See Al Najjar*, 257 F.3d at 1284.

To the extent that the IJ's decision was based on a legal determination, our review is *de novo*. *See D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 817 (11th Cir. 2004). The IJ's factual determinations are reviewed under the substantial evidence test, and we should "affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005) (internal quotations and citations omitted). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003). The fact that evidence in the record may also support a conclusion contrary to the administrative findings is not enough to justify a reversal. *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1236 (11th Cir. 2006).

An alien is entitled to withholding of removal under the INA if he can show that his life or freedom would be threatened on account of his race, religion, nationality, membership in a particular social group, or political opinion. *Mendoza*, 327 F.3d at 1287; *see also* INA § 241(b)(3), 8 U.S.C. § 1231(b)(3)(A). "An alien bears the burden of demonstrating that he more-likely-than-not would be persecuted or tortured upon his return to the country in question." *Mendoza*, 327 F.3d at 1287.

If the alien demonstrates past persecution, it is presumed that his life or

5

freedom would be threatened in the future unless the government can rebut the presumption. 8 C.F.R. § 208.16(b)(1)(I). If, however, the alien does not establish past persecution, he bears the burden of showing that it is more likely than not that (1) he would be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion; and (2) he could not avoid a future threat to his life or freedom by relocating to another part of his country, if under all the circumstances it would be reasonable to expect relocation. *See* 8 C.F.R. § 208.16(b)(2); *see also Mendoza*, 327 F.3d at 1287 (finding that "[a]n alien who has not shown past persecution, though, may still be entitled to withholding of removal if he can demonstrate a future threat to his life or freedom on a protected ground in his country"). An applicant can establish that it is more likely than not that he would be persecuted upon return to his country of nationality, without showing that he would be singled out for persecution, if he shows that there is a pattern and practice of persecution against persons similarly situated to the applicant, such that it is more likely than not that his life would be threatened upon returning to that country. 8 C.F.R. § 1208.16(b)(2)(I)-(ii).

Although the INA does not expressly define "persecution," we recognize that "'persecution' is an 'extreme concept,' requiring 'more than a few isolated incidents of verbal harassment or intimidation,' and that '[m]ere harassment does not amount to persecution.'" *Sepulveda v. U.S. Atty. Gen.*, 401 F.3d 1226, 1231

(11th Cir. 2005) (citation omitted). "[O]nly in a rare case does the record compel the conclusion that an applicant for asylum suffered past persecution . . . ." *Silva*, 448 F.3d at 1239.

In this case, we conclude from the record that substantial evidence supports the IJ's determination that Ogotan is not entitled to withholding of removal under the INA because he has not shown past persecution or that it is more likely than not that he would be subject to future persecution on account of one of the five statutorily protected grounds.

First, substantial evidence supports the IJ's finding that Ogotan did not experience past persecution because (1) Ogotan never sought medical treatment for his injuries; (2) he did not provide proof that his nose was broken; and (3) he did not claim that he received threats from the Muslim groups.

Second, substantial evidence supports the IJ's finding that Ogotan did not meet his burden of proving that it was more likely than not that he would be persecuted in Indonesia because (1) although Ogotan testified that his friend told him that the Muslim group returned to his home after they assaulted him during a prayer service, his friend was not present when the Muslims returned to the house and did not provide any details about their visit; (2) there is no evidence that the Muslim groups continued to look for Ogotan after he left Indonesia; (3) according to the evidence in the record,  the Liskar Jijad, the group Ogotan claimed that he

7

feared, has been disbanded, and most Muslims were tolerant of other religions; and (4) the most widespread interreligious violence occurred in the Moluccas Islands, approximately 1,500 east of Ogotan's residence in Jakarta.

Third, substantial evidence supports the IJ's conclusion that Ogotan failed to establish a nexus between the feared harm and a protected ground because (1) Ogotan testified that the Muslims stopped everyone's car when he was stopped in May 1998, thereby undermining his claim that he was targeted because he was Christian; (2) Ogotan stated in his asylum application that he was assaulted after he attempted to stop the Muslims from burning his friend's car, which suggests that they assaulted him for attempting to intervene to protect the car, rather than because he is Christian; and (3) the evidence in the record established that the 1998 riots in Jakarta primarily targeted Chinese-owned businesses, rather than Christians. Although the evidence could also support a contrary conclusion, the record does not compel the conclusion that Ogotan was assaulted on account of his religion or ethnicity. *See Silva*, 448 F.3d at 1236. Accordingly, we deny the petition as to this issue because the evidence does not compel reversal.

Finally, substantial evidence supports the IJ's finding that Ogotan did not demonstrate that he could not relocate to another part of Indonesia to avoid any future threat because the evidence showed that, in many regions in the less populated outer islands of Indonesia, Christians constituted a majority and

8

occupied important positions in the country. Further, most of the attacks referenced in the articles did not occur in Jakarta, but rather the Moluccas Islands and Central Sulawesi, which are hundreds of miles away from Jakarta.

### III. CAT Claim

On appeal, Ogotan's brief does not address the IJ's denial of his application for CAT relief. When a party "elaborates no arguments on the merits as to [an] issue in its initial or reply brief . . . the issue is deemed waived." *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989). Further, "[i]ssues that are not clearly outlined in an appellant's initial brief are deemed abandoned." *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1317 n.17 (11th Cir. 1999).

Accordingly, we conclude that Ogotan abandoned his CAT claim because he does not present any arguments regarding this claim in his brief.

For the above-stated reasons, we dismiss the petition for lack of jurisdiction with respect to Ogotan's asylum claim and deny the petition with respect to his withholding of removal claim and CAT claim.

**PETITION DISMISSED IN PART, DENIED IN PART.**